UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RANDY CHAN,  Plaintiff, | : : : | |
| v. | : : | 3:15-cv-00001-WWE |
| DAHLIA GROUP, INC.,  Defendant. | : : : : | |
| LIEUTENANT JAY DELGROSSO and DETECTIVE MEEHAN PATRICK,  Respondents. | : : : : | |

**MEMORANDUM OF DECISION ON RESPONDENTS' MOTION TO QUASH SUBPOENA**

The investigative reports sought by plaintiff document an October 14, 2014 violent altercation on the side of Interstate 95 in the City of Norwalk, Connecticut, involving passengers of a chartered bus and Connecticut State Police.  Allegedly, a Mr. Ye Hua Jian assaulted several other passengers on the bus with a box-cutting razor knife.  Plaintiff Randy Chan attempted to intervene and became involved in a struggle with Jian.  Eventually, both Chan and Jian exited the bus where the physical struggle continued at the side of the highway.  A state trooper then shot and killed Mr. Jian.  One round also struck Mr. Chan in the leg, causing a non-fatal injury.

Third party respondents Lieutenant Jay Delgrosso and Detective Patrick Meehan request that the subpoenas duces tecum directed to them by plaintiff be quashed on the basis of the qualified law enforcement privilege.  For the following reasons, respondents' motion will be denied.

The party asserting the law enforcement privilege bears the burden of showing that the privilege applies to the documents in question.  In re The City of New York, 607 F.3d 923, 944 (2d Cir. 2010).  Respondents cite In re The City of New York for the proposition that the privilege encompasses all information that would otherwise interfere with an investigation.  See

id.  However, there, the law enforcement privilege clearly applied to the documents, as the field reports at issue contained detailed information about the undercover operations of the NYPD, and the Second Circuit held that "providing information about the nature of the NYPD's undercover operations will only hinder the NYPD's ability to conduct future undercover investigations."  Id.  The Second Circuit further concluded that the field reports contained law enforcement techniques and procedures, as well as the identities of undercover officers.  Id.  Here, respondents do not allege the existence of any undercover or otherwise inherently sensitive operations.

> To show that the [law enforcement] privilege applies, the party asserting the privilege must demonstrate that the documents contain information that the law enforcement privilege is intended to protect. Specifically, the party asserting the privilege must show that the documents in question contain (1) information pertaining to "law enforcement techniques and procedures," (2) information that would undermine "the confidentiality of sources," (3) information that would endanger "witness and law enforcement personnel," (4) information that would undermine "the privacy of individuals involved in an investigation," or (5) information that would seriously impair "the ability of a law enforcement agency to conduct future investigations."

In re The City of New York, 607 F.3d at 948.

Here, respondents merely repeat the above standard without analyzing its application to the facts of this case.  Instead, they rely on boilerplate conclusory language, such as, "obvious public safety concerns associated with premature disclosure."  In other words, respondents have not met their burden of demonstrating that the documents sought contain information that the privilege is intended to protect.  Accordingly, respondents motion to quash is DENIED.

Dated this 13th day of November, 2015, at Bridgeport, Connecticut.

    /s/Warren W. Eginton
WARREN W EGINTON
SENIOR UNITED STATES DISTRICT JUDGE